IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GNAMIEN MOMOU,

                    Plaintiff,                    OPINION AND ORDER

   v.

                                                            20-cv-14-wmc

DEAN HEALTH PLAN, INC, and
SSM HEALTHCARE OF WISCONSIN, INC.,
dba SSM HEALTH ST. MARY'S HOSPITAL,
and SSM HEALTH CARE CORPORATION,

                    Defendants.

---

*Pro se* plaintiff Gnamien Momou, a Wisconsin citizen, filed this civil lawsuit against his health insurer and medical care provider, who he alleges were negligent in his wife's death due to ovarian cancer. Before the court is Momou's motion to amend and a proposed amended complaint, which seeks to (1) add SSM Healthcare of Wisconsin, Inc. and SSM Health Care Corporation as defendants, and (2) include specific allegations addressing subject matter jurisdiction. (Dkt. ##35, 36.) After conferring with Momou, the new defendants executed a waiver of service on July 28, 2020, and all defendants informed the court that they do not object to the motion to amend. (Dkt. ##38, 39, 40.) There being no apparent reason to deny Momou's motion, therefore, the court will grant him leave to amend his complaint as proposed. *See* Fed. R. Civ. P. 15(a)(2) (instructing that once the time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.").

The filing of the amended complaint has rendered moot the parties' other pending motions related to the original complaint. "It is axiomatic that an amended complaint

supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Specifically, defendant Dean Health Plan, Inc., had filed two motions to dismiss related to the original complaint, one to dismiss that complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; and the other to dismiss any claims against an allegedly nonexistent legal entity under Rules 4(m) and 12(b)(5) for failure to perfect service.[1]  (Dkt. ##6, 16.)  Relatedly, Momou moved for leave to file a surreply to these motions.  (Dkt. #30.)

Since the amended complaint includes new allegations related to jurisdiction and names new defendants, who have executed a waiver of service, these three motions will be denied as moot.  *See, e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."); *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting without comment trial judge's denial of pending motion to dismiss as moot in light of amended complaint).  Of course, defendants are free to file an answer, move or otherwise respond to the new, amended complaint consistent

---

[1] In the original complaint, Momou named "SSM Health St. Mary's Hospital" as Dean Health's sole co-defendant, alleging that his wife suffered a botched liver biopsy at St. Mary's Hospital in Madison, Wisconsin.  (Dkt. #1 at 1, 3.)  Counsel for Dean Health, who also represents the SSM Healthcare entities, disputed Momou's assertion that he accomplished service on "SSM Health St. Mary's Hospital" because that is allegedly not an actual legal entity.  (Dkt. #17 at 1-2, 4-5.)  Rather, counsel advised that Momou should name and serve SSM Healthcare of Wisconsin, Inc., which does business as St. Mary's Hospital and has legal responsibility for that hospital.  (Dkt. ##17 at 1, 33 at 1.)  Momou has now corrected the name of this defendant in his amended complaint, and that defendant has executed a waiver of service.  (Dkt. ##36, 39.)

with the Federal Rules of Civil Procedure, including reasserting any grounds raised in their earlier motions.

Finally, since Momou has now clarified which corporate entities he is suing, and those entities have executed a waiver of service, the court will deny as moot Momou's motion for entry of default for failure to appear or otherwise defend (dkt. #25). and his motion for defendants to identify their correct corporate names (dkt. #32). (*See* dkt. #38 (noting that with Momou's consent, the request for waiver "now identifies the two new parties now brought before the Court as 'SSM Health Care Corporation' and 'SSM Healthcare of Wisconsin, Inc.,' the latter of which does business as St. Mary's Hospital.").)

ORDER

IT IS ORDERED that:

1) Plaintiff Gnamien Momou's motion for leave to amend the complaint (dkt. #36) is GRANTED.

2) Defendant Dean Health Plan, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (dkt. #6) and motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (dkt. #16) are DENIED as moot.

3) Plaintiff's motion for entry of default (dkt. #25), motion for leave to file a surreply (dkt. #30), and motion to identify defendants' correct legal names (dkt. #32) are DENIED as moot.

Entered this 4th day of August, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3