IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GNAMIEN MOMOU,

                Plaintiff,                OPINION AND ORDER

    v.

                                                        20-cv-14-wmc

DEAN HEALTH PLAN INC.,
SSM HEALTHCARE OF WISCONSIN, INC.,
dba SSM HEALTH ST. MARY'S HOSPITAL,
and SSM HEALTH CARE CORPORATION,

                Defendants.

---

    This case has an unnecessarily convoluted history, which unfortunately must now end with a determination that this court lacks subject matter jurisdiction. *Pro se* plaintiff Gnamien Momou originally filed suit against an entity he named as "SSM Health St. Mary's Hospital," alleging that its and his insurer, Dean Health Plan, negligence resulted in his wife's prolonged death from ovarian cancer. After being served, Dean Health then moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Dkt. #16.) At that point, plaintiff responded with a request for an extension of time to respond, then a month later, with a brief in opposition to dismissal, request to amend, and a motion for default judgment against the fictitious entity for failing to appear and defend. (Dkts. ##23-25.) Following further delay, as the actual additional defendants -- SSM Healthcare of Wisconsin, Inc. dba SSM Health St. Mary's Hospital -- and SSM Health Care Corporation were finally identified and consent to service, this court granted plaintiff

leave to amend, but denied default. (Dkt. #41.)[1]

Now before the court is defendants' joint motion to dismiss Momou's amended complaint for lack of subject matter jurisdiction. (Dkt. #42.) In lieu of a response to this motion, plaintiff has since filed two more motions to amend his complaint, along with three proposed amended complaints, as well as other motions for various kinds of relief.[2] Because no iteration of plaintiff's complaint establishes a basis for the court's subject matter jurisdiction, the court must grant defendants' motion, deny plaintiff's various motions, including those additional motions for leave to amend his complaint as moot, and dismiss this case without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ALLEGATIONS OF FACT[3]

Momou alleges that in 2016, his wife was diagnosed with stage 4 ovarian cancer at

---

[1] According to defendants, named defendant SSM Healthcare of Wisconsin, Inc., does business as St. Mary's Hospital and has legal responsibility for that hospital. (Dkt. ##17 at 1, 33 at 1.) Regardless, that defendant executed a waiver of service, has appeared in the case, and joins a renewed motion to dismiss. (Dkt. ##39, 41.)

[2] Plaintiff has also filed several, somewhat duplicative motions (dkts. ##46, 49, 55, 58) requesting reconsideration of the court's order granting leave to file an amended complaint insofar as that order also denied as moot plaintiff's motion for default judgment and claims never appeared in this case, but that defendants dispute exists (dkt. #17 at 1-5). Plaintiff has also filed a motion to seal "records" in this case (dkt. #71), and a motion to attempt service on a defendant that has already appeared. (Dkt. #64.)

[3] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Unless otherwise noted, the court assumes the following facts, viewing the allegations in the complaint in a light most favorable to plaintiff and drawing all inferences in his favor.

an emergency clinic in Sun Prairie, Wisconsin. His wife's primary physician referred her to the Carbon Center at UW Health, where they were told his wife needed surgery. Momou alleges that Dean Health Plan, his insurer at the time, refused to cover the cost of the surgery and authorized chemotherapy instead. Even though his wife's hemoglobin levels became critically low because of that treatment, Momou alleges that the treating physician continued to administer chemotherapy.

At some point, Momou alleges that his wife was sent to St. Mary's Hospital in Madison, Wisconsin, where a physician performed a liver biopsy improperly, causing internal bleeding. Ultimately, she was placed in intensive care to recover, where she almost died. According to Momou, his wife's cancer subsequently metastasized, and she suffered a buildup of fluid in her abdomen. Although his wife eventually had surgery, apparently after Momou switched insurers to Quartz, she passed away on March 5, 2020. Momou seeks monetary damages in the "maximum [amount] allowable by law or what the jury may deem necessary for relief." (Dkt. #35 at 9.)

OPINION

Defendants jointly move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming that the court lacks subject matter jurisdiction. (Dkt. #42.) Defendants also object to plaintiff's proposed amendments, arguing that plaintiff has not and cannot cure the jurisdictional deficiencies. (Dkt. ##59 at 4-5, 62 at 2-4.) As noted, plaintiff has filed several motions for various forms of relief. Because subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case, the court must decide that 12(b)(1) motion first. *See Steel Co. v. Citizens for a Better Environment,*

523 U.S. 83, 94-95 (1998) (declining to endorse the approach of assuming jurisdiction for purposes of deciding the merits). In deciding a motion to dismiss for lack of jurisdiction, the court is not bound to accept the allegations in the complaint, but may consider the parties' evidence on jurisdiction. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

A federal district court's jurisdiction is limited, meaning that generally it may only hear a case if Congress has authorized it. With limited exceptions inapplicable here, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. In his amended complaint, plaintiff asserts that diversity jurisdiction is proper. (Dkt. #35 at 5.) In subsequent proposed amended complaints, plaintiff also purports to assert federal question jurisdiction. (Dkt. #66 at 4-6; #70 at 4-8.) However, neither type of jurisdiction is present.

To start, the claims Momou wishes to pursue do not fall under any federal law despite his considerable ingenuity in trying to find one. Construing his allegations generously, Momou appears to be seeking monetary damages for Dean Health's refusal to pay for a recommended surgery in lieu of chemotherapy and for the injuries his wife and he suffered as a result of her chemotherapy and a liver biopsy, as well as other, alleged failures to provide appropriate treatment. Specifically, he alleges that defendants were "negligent" in his wife's death. (Dkt. #35 at 8.) However, medical malpractice and negligence are unquestionably state law claims. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242

Wis. 2d 507, 625 N.W.2d 860, (stating the elements of "[a] claim for medical malpractice, as all claims for negligence"). So, too, are breach of contract and bad faith insurance claims. *See Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 686-87, 271 N.W.2d 368 (Wis. 1978) (holding that a cause of action for bad faith refusal to honor a claim of an insured exists in Wisconsin); *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582, *aff'd sub nom.*, 2006 WI 128, ¶ 11, 297 Wis. 2d 606, 724 N.W.2d 879 (elements of breach of contract). Accordingly, the court sees no basis in the amended complaint upon which the court can exercise jurisdiction over this case under 28 U.S.C. § 1331.

Plaintiff's proposed amended complaints do not change this outcome. Plaintiff continues to assert "medical negligence" against defendants. (Dkt. #70 at 11-16.) Although plaintiff seeks to add a list of federal laws and programs in an effort to invoke federal question jurisdiction (dkt. #61), it would be futile to permit such an amendment for two reasons: some of the federal laws plaintiff invokes do not contain private rights of action; and, more to the point, while plaintiff generally describes the purpose of each federal law, he does not allege *any* facts plausibly suggesting that the defendants violated any of these laws in this case, nor is it at all apparent how any of them could apply.

For example, the Health Insurance Portability and Accountability Act of 1996 does not create a private cause of action or an enforceable right for purposes of a federal lawsuit. *See Carpenter v. Phillips*, 419 F. App'x. 658, 659 (7th Cir. 2011) (collecting cases); *Kobishop v. Marinette Cnty. Sheriff's Dep't*, 2013 WL 3833990, at *2 (W.D. Wis. July 24, 2013). The same is true of the Healthcare Quality Improvement Act, which promotes physician

5

engagement in the peer review process by extending limited immunity to those conducting peer reviews. 42 U.S.C. §§ 11101(5), 11111(a)(2); *Khan v. Presence St. Mary & St. Elizabeth Hosps.*, No. 20 C 3819, 2020 WL 6750535, at *3 (N.D. Ill. Nov. 17, 2020) ("It is well-settled that the HCQIA does not provide a private cause of action to aggrieved physicians" subjected to peer review). Similarly, the Patient Safety and Quality Improvement Act ("PSQUIA") provides evidentiary protection to certain materials used in the medical peer review process and prohibits "adverse employment action" against an employee who submits a report of a medical error. 42 U.S.C. § 299b–22(a), (e)(1)(A)–(B). Plaintiff does not allege how any of the defendants injured him by violating the PSQUIA, even if he can bring a claim under that Act. It is equally unclear how plaintiff could possibly proceed under the Medicare and Medicaid statutes, the Employee Retirement Income Security Act, or the Affordable Care Act and its Hospital Readmissions Reduction Program, which plaintiff also generally references, given that plaintiff does not allege how defendants violated these statutes or which statutory sections are relevant to his case, nor can the court discern how they might have on the alleged facts. (Dkt. ##61 at 4-6, 70 at 4-6.)

Still, plaintiff appears to believe that because some or all of the named defendants may be subject to these federal laws, the court has jurisdiction over this case under § 1331. (Dkt. #61 at 3-6.) As noted, however, a claim must *arise under* federal law for § 1331 to apply; it is not enough to allege that a defendant is generally subject to a given federal law. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint need not contain detailed factual allegations, but requires more than labels and conclusions, or a formulaic

recitation of the elements of a cause of action).[4]

Plaintiff could nonetheless proceed in this court on state law claims if diversity jurisdiction existed under § 1332, but as defendants urge, he has not met his burden to show that either. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction"), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). Indeed, plaintiff's most recent proposed amended complaint alleges only federal question as the basis for the court's jurisdiction. (Dkt. #70 at 4.) Regardless, diversity jurisdiction requires *complete* diversity, meaning that *no* defendant may be a citizen of the same state as plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008). For purposes of federal diversity jurisdiction, a corporate defendant is generally considered to be a citizen of (1) the state in which it was incorporated and (2) the state "where it has its principal place of business." § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

---

[4] Plaintiff comes closest by alleging in his most recent, proposed amended complaint that defendants may have received unspecified federal grants and, therefore, fall within the Federal Tort Claims Act (dkt. #70 at 6), which is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012). Yet the court cannot reasonably infer from this conclusory allegation that plaintiff's wife was treated at a federally funded hospital or that anyone who treated plaintiff's wife was a federal employee. As it stands, plaintiff alleges claims against all defendants for negligence and medical malpractice under Wisconsin law, and seeks damages for Dean Health's alleged failure to pay for covered surgery when first recommended (dkt. ##35 at 8; 70 at 9-16), which also are not claims arising under federal law.

Plaintiff acknowledges that he is a Wisconsin citizen. As defendants' exhibits make clear, and plaintiff does not dispute, at least two of the three are also Wisconsin citizens. Dean Health is incorporated in Wisconsin and its principal place of business is located in the state. (Dkt. #44-3.) And although SSM Healthcare of Wisconsin, Inc., is incorporated elsewhere, its principal place of business is in Wisconsin, as is St. Mary's Hospital, which it operates. (Dkt. #44-1.) Defendants further maintain without contrary evidence or argument from plaintiff that these organizations are formally separated from their parent organization, SSM Health, so their citizenship controls on the question of diversity jurisdiction. *See Schwartz v. Elec. Data Sys., Inc.,* 913 F.2d 279, 283 (6th Cir. 1990) ("When formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent"); *accord OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 221 (2d Cir. 2016) (collecting cases); *see also Beightol v. Capitol Bankers Life Ins. Co.*, 730 F. Supp. 190, 193 (E.D. Wis. 1990) (the subsidiary takes the citizenship of the parent when it is not really a separate entity). Thus, there are Wisconsin citizens on both sides of this suit. Moreover, plaintiff's more recent attempt to add doctors as defendants -- presumably doctors allegedly involved in his wife's treatment, although the proposed amended complaint does not make this clear -- is only likely to compound his diversity problem further, because these individuals probably reside in Wisconsin near where they work. (Dkt. ##68, 70.)

Finally, none of the plaintiff's proposed amended complaints cure the jurisdiction defects discussed above, so it would be futile to allow him to amend. *See Crestview Vill.*

8

*Apartments v. U.S. Dep't of Housing & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (noting that a "court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading"). Nor, after several unsuccessful attempts at crafting a pleading, does the court see any basis for allowing plaintiff yet another attempt. While sincerely sympathizing with plaintiff for the loss of his wife, but without subject matter jurisdiction, this court has no power to decide his case and will dismiss it without prejudice. *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013) ("a dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice").

Because the court lacks subject matter jurisdiction over this matter, it obviously has no authority to rule on plaintiff's other pending motions, let alone to grant him the relief he seeks, and will must also deny them as moot.[5]

The court hastens to add that this dismissal does not necessarily prevent plaintiff from pursuing his state law claims in the state courts; the court concludes only that he cannot proceed with these claims in this *federal* court. To that end, plaintiff should be aware that some types of claims must be filed in state court within a certain time limit or they could be barred. For example, in Wisconsin, a person may sue a health care provider to recover damages for an injury resulting from an operation or treatment within three

---

[5] As for plaintiff's one-sentence motion to seal "records" in this case (dkt. #71), the court will not do so because plaintiff gives no reason why such action would be necessary at this stage, nor does he describe what "records" he means. *See Jarecki v. Univ. of Wisconsin-Eau Claire*, No. 14-CV-890-JDP, 2015 WL 2229231, at *3 (W.D. Wis. May 12, 2015) (dismissing case for lack of subject matter jurisdiction but ruling on plaintiff's motion to seal). To the extent he is concerned about medical records, none have been filed yet. As for what has been filed, "the public at large pays for the courts and, therefore, has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Judicial proceedings in the United States are open to the public."). Thus, the court will deny this motion as well.

years from the date of the injury or within one year from the date the injury was discovered, whichever is later. Wis. Stat. § 893.55(1). Similarly, an action to recover damages for personal injury "shall be commenced within 3 years." Wis. Stat. § 893.54(1m). Plaintiff's allegations do not specify when his wife sustained her alleged injuries, so it is unclear when his claims accrued. Although filing a lawsuit in federal court *may* toll the running of a limitations period, *see* Wis. Stat. § 893.15(3), plaintiff should not delay if he wishes to pursue his claims in state court, assuming his claims are still viable. His first step may be to seek out a competent, medical malpractice law firm. Many advertise on television and online. Otherwise, the Wisconsin State Bar maintains a referral list.[6]

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction (dkt. #42) is GRANTED.

2) Plaintiff's motions to amend his complaint are DENIED. (Dkt. ##61, 65).

3) Plaintiff's motion to seal is DENIED. (Dkt. #71).

4) All remaining pending motions in this matter are DENIED as moot (dkt. ##46, 49, 55, 58, 64).

5) The clerk of court is directed to close this case.

Entered this 8th day of December, 2020.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

---

[6] Both because of the possible impact of the applicable statutes of limitation and plaintiff's conduct in this case to date, plaintiff would be wise to retain counsel quickly if at all possible.