IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GNAMIEN MOMOU,

                    Plaintiff,                  OPINION AND ORDER

    v.

                                                        20-cv-14-wmc

DEAN HEALTH PLAN INC.,
SSM HEALTHCARE OF WISCONSIN, INC.,
dba SSM HEALTH ST. MARY'S HOSPITAL,
and SSM HEALTH CARE CORPORATION,

                    Defendants.

*Pro se* plaintiff Gnamien Momou filed this civil lawsuit against insurer and health care providers that he alleges were negligent in his wife's death from ovarian cancer. On December 8, 2020, the court granted defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed this case without prejudice. (Dkt. #73.) As was his absolute right, Momou filed a notice of appeal thirty days later, but that notice was inexplicably filed along with and a proposed amended complaint. (Dkt. ##75, 76.) The court assumes the latter was filed in an overabundance of caution because the only substantive difference between this latest proposed pleading (dkt. #75) and an earlier such filing considered by this court (dkt. #70) is the inclusion of a preamble in which Momou indicates that he will file his claim "as soon as possible in State court" and that he also "points the court to a tort claim (federal question) already submitted" as a basis for subject matter jurisdiction. (Dkt. #75 at 2.)

To avoid any confusion, the court will construe the proposed amended complaint as a motion under Rule 60(b) for relief from judgment because it was filed beyond the

twenty-eight days provided by Rule 59(e).[1]  *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583-84 (7th Cir. 2012).  For the same reason, the court will deny the motion.

The grounds for relief under Rule 60(b) are narrow:  a district court may grant relief from judgment when the moving party shows grounds such as (1) mistake, surprise, or neglect, (2) newly discovered evidence, (3) fraud or misconduct by the opposing party, (4) a void or (5) satisfied judgment, or (6) for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Here, the only arguably applicable exception for filing a slightly different proposed amended complaint would be the "catch-all" provision in Rule 60(b)(6), but Momou has not established extraordinary circumstances as required to obtain relief under that provision.  Rather, as noted, Momou's latest proposed amended complaint is not substantively different from his October 2020 proposed pleading that the court considered before dismissing the case.  (Dkt. #70.)  Read generously, Momou's assertions in his preamble relate to an alleged legal error by this court, which does not provide a basis for a Rule 60 motion as that is the purpose of an appeal.  *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).[2]  Accordingly, this court cannot grant

---

[1] The court cannot extend this deadline.  Fed. R. Civ. P. 6(b)(2).  The amended complaint is dated and was docketed on January 7, 2021, and indicates that it was mailed to defendants on that date. Typically, the filing of a notice of appeal would deprive a district court of jurisdiction over any pending motions.  *Ameritech Corp. v. Int'l Broth. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008).  However, there is an exception to this rule:  if a party files a motion under Fed. R. Civ. P. 60(b) during the pendency of an appeal, the district court may rule on that motion, because such a ruling "creates no risk of overlapping decisions."  *Id*.

[2] Legal error may have been grounds for relief under Rule 59(e), but as noted, the time for filing such a motion expired twenty-eight days after entry of judgment.  Fed. R. Civ. P. 59(e).

Momou any relief at this time.[3]

ORDER

IT IS ORDERED that plaintiff Gnamien Momou's motion for relief from judgment (dkt. #75) is DENIED.

Entered this 21st day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Regardless, the court of appeals will have a copy of Momou's latest proposed amended complaint for its reference when it considers his appeal, so he need not file any additional copies in this court. Rather, Momou should review this court's appeal information packet (dkt. #77) and proceed with his appeal in accordance with the Federal Rules of Appellate Procedure and the Seventh Circuit Rules.